UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

O.M., A Minor by his M/N/G AMELIA MOORE,

           Plaintiff,

   -against-

CITY OF NEW YORK, MATTHEW FRIED, Individually,
ANDREW FAGO, Individually, ROBERTO RIOS, Individually,
ANDREW HILLERY, Individually, DAVID LUPPINO, Individually,
JOHN BROOKS, Individually, MARTIN BANGHART, Individually,
JENNIFER CHILDS, Individually, SCOTT CURRAN, Individually,
and JOHN and JANE DOE 1 through10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently unknown),

           Defendants.

------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

11 CV 4720
(CBA) (CLP)

<u>Jury Trial Demanded</u>

   Plaintiff O.M., A Minor by his M/N/G AMELIA MOORE, by his attorneys, Leventhal &

Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **PRELIMINARY STATEMENT**

   1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

   2.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

   3.  Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff O.M. is a fifteen year old African American boy residing in Staten Island, New York.  AMELIA MOORE is his mother and natural guardian.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MATTHEW FRIED, ANDREW FAGO, ROBERTO RIOS, ANDREW HILLERY, DAVID LUPPINO, JOHN BROOKS, MARTIN BANGHART, JENNIFER CHILDS, SCOTT CURRAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On or about July 7, 2010 and thereafter, plaintiff O.M. resided at 141 Park Hill Avenue, Apartment 5N, in Staten Island, New York, with his mother, AMELIA MOORE, and his two younger brothers.

13.     On or about July 7, 2010, at approximately 5:00 a.m., plaintiff O.M. was sleeping in his home at 141 Park Hill Avenue, Apartment 5N, when defendant NYPD officers broke the apartment's front door and entered said location with guns drawn.

14.     Defendant officers pointed their guns at plaintiff, grabbed plaintiff, pushed him to the floor, and handcuffed him.

15.     Thereafter, the defendant officers imprisoned plaintiff, or stood by while other defendant officers imprisoned him, despite lacking probable cause to believe that he committed any crime or offense.

16.     Plaintiff was transported to the NYPD 120th precinct stationhouse in police custody and imprisoned him therein.

17.     The defendant officers caused plaintiff to be imprisoned until later that day when they released him with a Family Court Appearance Ticket, maliciously compelling plaintiff to appear in Richmond County Family Court to answer purported juvenile delinquency charges.

18.     On or about July 9, 2010 and August 9, 2010, plaintiff appeared in Richmond County Family Court pursuant to said appearance ticket.

19.     On or about August 9, 2010, plaintiff was relieved from the jurisdiction of said appearance ticket when he was informed that he would not be charged with violating any laws or statutes.   Upon information and belief, the records of his arrest were sealed and otherwise deemed a legal nullity.

20.     Defendants RIOS, a Captain, and HILLERY, a Sergeant, held supervisory ranks, and supervised defendants FRIED, FAGO, LUPPINO, BROOKS, BANGHART, CHILDS, CURRAN, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

21.     Defendants FRIED, FAGO, LUPPINO, BROOKS, BANGHART, CHILDS, CURRAN, and JOHN or JANE DOE 1 through 10, either directly participated in the arrest of plaintiff, or otherwise participated in the search of 141 Parkhill Avenue, Apartment 5N, and knew or should have known that the arrest of plaintiff was illegal, but failed to intervene in said arrest.

22.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a custom and/or practice of falsification, and the inadequate screening, hiring, retaining, training, and supervising of its employees.

23.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the ramifications of falsification; search of an individual's residence; the reliability and use of confidential informants; the execution of search warrants, and; the treatment of innocent and/or uninvolved

4

individuals found at the location of the execution of a search warrant, and that falsification is widespread.

24.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

25.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.     As a result of the foregoing, plaintiff O.M., sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C.

5

§1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of plaintiff's race.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33.     As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry into the Home 42 U.S.C. § 1983)

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Upon information and belief, defendants unlawfully entered plaintiff O.M.'S home after a negligent, inadequate and otherwise unlawful investigation.

36.     As a result plaintiff O.M.'S right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

6

37.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants arrested plaintiff without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

40.    Defendants caused plaintiff to be falsely arrested and unlawfully imprisoned.

41.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    Defendants issued criminal process against plaintiff O.M. by causing his appearance in Richmond County Family Court.

44.    Defendants caused plaintiff O.M. to appear in Richmond County Family Court in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious

7

abuse of process.

45.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

46.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

48.    As a result of the foregoing, plaintiff O.M. was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

49.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

50.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.    The defendants seized, detained, arrested, and imprisoned plaintiff O.M. because of plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such

treatment committed in their presence by other NYPD officers.

52.     As a result of the foregoing, plaintiff O.M. was deprived of his rights under the Equal Protection Clause of the United States Constitution.

53.     As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants had an affirmative duty to intervene on behalf of plaintiff O.M., whose constitutional rights were being violated in their presence by other officers.

56.     The defendants failed to intervene to prevent the unlawful conduct described herein.

57.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

58.     As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61.     As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: conducting inadequate investigations; arresting individuals without probable cause; committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals or for other collateral and/or malicious objectives outside of the ends of justice, and; arresting individuals without probable cause merely based on their presence at the location of the

10

execution of a search warrant. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff O.M.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff O.M., as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff O.M., as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff O.M. was unlawfully arrested.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff O.M.'S constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiff O.M., of federally protected rights, including, but not limited to, the right:

11

A.   Not to be deprived of liberty without due process of law;

B.   To be free from the illegal entry into their home;

C.   To be free from false arrest/unlawful imprisonment;

D.   To be free from malicious abuse of process; and

E.   To be free from the failure to intervene.

71.   As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**<u>Supplemental State Law Claims</u>**

72.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.   Within ninety (90) days after the claim herein accrued, plaintiff O.M., a Minor by his M/N/G AMELIA MOORE, duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

74.   The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

75.   This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

76.   Plaintiff O.M. has complied with all conditions precedent to maintain the instant action.

12

77.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants arrested plaintiff O.M. without probable cause.

80.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

81.     As a result of the aforementioned conduct, plaintiff O.M. was unlawfully imprisoned in violation of the laws of the State of New York.

82.     As a result of the aforementioned conduct, plaintiff O.M. suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

83.     As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     As a result of the foregoing, plaintiff O.M. was placed in apprehension of imminent harmful and offensive bodily contact.

86.     As a result of defendant's conduct, plaintiff O.M. has suffered physical pain and

13

mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

87.     As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendants made offensive contact with plaintiff O.M. without privilege or consent.

90.     As a result of defendants' conduct, plaintiff O.M. has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

94.     The aforementioned conduct was committed by defendants while acting within

14

the scope of their employment by defendant CITY OF NEW YORK.

95. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

96. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff O.M.

97. As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff O.M.

100. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

101. As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff O.M.

104.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Plaintiff O.M.'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

107.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and

disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

110.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    As a result of defendants' conduct, plaintiff O.M. was deprived of his right to equal protection of laws.

113.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    As a result of defendants' conduct, plaintiff O.M. was deprived of his right to security against unreasonable searches, seizures, and interceptions.

116.    As a result of the foregoing, plaintiff O.M. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff O.M., demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      May 31, 2012

                        LEVENTHAL & KLEIN, LLP
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                By:    _____
                        BRETT H. KLEIN (BK4744)

                        Attorneys for Plaintiff O.M., A Minor by his M/N/G AMELIA MOORE

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

O.M., A Minor by his M/N/G AMELIA MOORE,

                                              Plaintiff,

                                                                            11 CV 4720
          -against-                                                         (CBA) (CLP)

CITY OF NEW YORK, MATTHEW FRIED, Individually,
ANDREW FAGO, Individually, ROBERTO RIOS, Individually,
ANDREW HILLERY, Individually, DAVID LUPPINO, Individually,
JOHN BROOKS, Individually, MARTIN BANGHART, Individually,
JENNIFER CHILDS, Individually, SCOTT CURRAN, Individually,
and JOHN and JANE DOE 1 through10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently unknown),

                                              Defendants,

-------------------------------------------------------------------------------X



**AMENDED COMPLAINT**



**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100